**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CAMBRIA COMPANY, LLC, | Civil No. 12-228 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S MARCH 5, 2013 DISCOVERY ORDER** |
| PENTAL GRANITE & MARBLE, INC. and VINACONEX ADVANCED COMPOUND STONE JOINT STOCK COMPANY, | |
| Defendants. | |

Ann N. Cathcart Chaplin and Rebecca L. Shult, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

Anthony J. Alt, Jeffrey M. Thompson, John E. Radmer, and Bradley M. Jones, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant Pental Granite & Marble, Inc.

Plaintiff Cambria Company, LLC ("Cambria") sells natural quartz surfacing products, including countertops. Cambria alleges that Defendant Pental Granite & Marble, Inc. ("Pental") is selling copies or derivative works of its copyrighted quartz surfacing products. Pental moved to compel further answers to multiple interrogatories answered by Cambria. Following a hearing, United States Magistrate Judge Arthur J. Boylan granted in part and denied in part Pental's motion. Pental appeals portions of that

Order. Because the Court finds that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law, it will overrule Pental's objections and affirm the Order.

## BACKGROUND

Cambria filed this action against Pental in January 2012. (Compl., Jan. 27, 2012, Docket No. 1.) Cambria brings claims for copyright infringement, violation of the Minnesota Uniform Deceptive Trade Practices Act, unfair competition, and unjust enrichment. (*See generally* First Amended Compl., Feb. 16, 2012, Docket No. 3.) In lieu of answering the complaint, Pental moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Mot. to Dismiss, Mar. 13, 2012, Docket No. 5.) After hearing oral argument, the Court denied Pental's motion. (Mem. Op. & Order, Mar. 27, 2013, Docket No. 102.)

While Pental's motion was pending, and pursuant to Federal Rule of Civil Procedure 16, the Court issued a pretrial scheduling order setting a deadline for pre-discovery disclosures and permitting each side to serve 15 interrogatories.[1] (*See* Pretrial Scheduling Order, May 9, 2012, Docket No. 33.) The Court postponed setting the remainder of the schedule until the motion to dismiss was decided. (*Id.*) Both sides served interrogatories, resulting in discovery disputes. (*See* Cambria's Mot. to Compel Disc., Aug. 10, 2012, Docket No. 55; Pental's Mot. to Compel, Jan. 17, 2013, Docket No. 76.) The Magistrate Judge granted in part and denied in part both motions to compel. (*See* Order, Dec. 18, 2012, Docket No. 75; Order, Mar. 5, 2013, Docket No. 100). Pental

---

[1] Pental filed a motion to stay discovery which the Court denied as moot after issuing its abbreviated pre-trial scheduling order. (Order, May 11, 2012, Docket No. 34.)

now objects to the Magistrate Judge's decision regarding its motion to compel. (Def.'s Objections, Mar. 19, 2013, Docket No. 101.) After filing its objections, Pental filed its Answer and Counterclaims. (Def.'s Answer & Countercl., Apr. 24, 2013, Docket No. 109).

**ANALYSIS**

**I.     STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

Discovery of non-privileged information is permissible if reasonably calculated to lead to the discovery of admissible evidence related to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Parties have "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (court had broad discretion to tailor discovery narrowly). Additionally, relevant discovery may be limited if the court determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

## II. RELEVANCY OF PENTAL'S REQUESTS TO ITS DEFENSES

The Court declines to address whether portions of the Interrogatories may now be relevant in light of the defenses asserted in Pental's later-filed Answer and Counterclaims. When Pental served the interrogatories and filed its motion to compel, it had not yet filed its Answer and Counterclaims. *Cf.* Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) ("[A party has] no entitlement to discovery to develop new claims or defenses that are not **already identified** in the pleadings." (emphasis added)). The Magistrate Judge has broad discretion to manage the discovery process, *see McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986), including revisiting these issues if Pental makes further requests related to the defenses identified in its more recent pleadings.

## III. PENTAL'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER

Pental moved to compel Cambria to provide supplemental answers to Interrogatory Numbers 2 through 12. The Magistrate Judge considered each of Pental's requests, granted two, granted one in part, and denied the remainder. Pental now appeals the Magistrate Judge's denial of its motion to compel further answers for Interrogatory Numbers 2 through 8, 12 and 13.

### A. Interrogatory 2

Interrogatory Number 2 seeks the identity of persons involved with creating, developing, designing, or manufacturing certain Cambria products. Pental seeks to compel Cambria to provide a supplemental answer identifying manufacturing

supervisors. The Magistrate Judge concluded that the requested information is not relevant to Cambria's claims, the request is overbroad, and the burden of gathering the information outweighs any marginal relevance. At the time of the Magistrate Judge's order, Pental had not asserted any defenses.

In its objection to the Magistrate Judge's order, Pental argues that Cambria's manufacturing is relevant to Cambria's claims and to whether Cambria is an "author." While the relevancy of this information to Pental's now-asserted defenses is more apparent, Pental does not provide any argument specifically identifying why identification of Cambria's manufacturing supervisors is relevant to Cambria's claims. Pental has not demonstrated that the Magistrate Judge's denial of Pental's motion to compel further answer to Interrogatory 2 was erroneous or contrary to law, and the denial will be affirmed.

### B. Interrogatory Numbers 3-5

Interrogatory Numbers 3 through 5 seek information relating to Cambria's development and design of the products at issue and identification of the machine and the process used to manufacture the products. The Magistrate Judge found that the design and manufacturing information requested was outside the scope of permissible discovery and denied Pental's motion to compel further answer. The Magistrate Judge considered Cambria's arguments regarding the confidentiality of this information and further found Pental's reliance on *Century Tile, Inc. v. Hirsch Glass Co.*, 467 F. App'x 651, 652

(9th Cir. 2012), unpersuasive and concluded that no controlling case law suggests that the design and manufacturing process for a copyright work is relevant and must be produced.

In its objection, Pental argues the Magistrate Judge's determination is clearly erroneous because Cambria has admitted that product design is relevant to Cambria's claims by identifying employees who will testify and documents relating to product design and manufacturing. Even if the testimony and documents make product design and manufacturing relevant to some extent, Pental does not explain why its requests are not overly broad and unduly burdensome and thus outside the scope of permissible discovery, particularly in light of Cambria's confidential design and manufacturing processes. Because the Court does not find the Magistrate Judge's determination clearly erroneous or contrary to law, it will affirm with respect to these interrogatories.

### C. Interrogatory Number 6

Interrogatory Number 6 seeks information regarding Cambria's analyses to determine if Pental's products are copies of Cambria's copyrighted products. Cambria asserted that any additional information not already produced was protected by attorney-client privilege and the work product doctrine. The Magistrate Judge noted the Pental did not address privilege issues in its motion and denied Pental's motion to compel further answer. In its objection, Pental does not expressly address any error regarding this holding nor does it address the privilege issues. The Court will, therefore, affirm with respect to these interrogatories.

### D. Interrogatory Numbers 7-8

Interrogatory Numbers 7 and 8 seek identification of the copyrightable elements of expression in Cambria's products and the infringing elements in Pental's products. The Magistrate Judge determined that no relevant case law requires Cambria to break down the separate copyrightable elements of its overall copyrighted design.

In its objection, Pental argues that Cambria's identification of two employees with factual information relating to the alleged similarities between Cambria and Pental's products gives Pental the right to know what factual information these individuals possess. Pental appears to be attempting to extend the language of its request which simply asks for identification of elements. Pental does not identify any case law indicating that the Magistrate Judge's holding that Cambria need not break down the separate copyrightable elements of its overall design is contrary to law or clearly erroneous. Consequently, the Court will affirm this portion of the Magistrate Judge's order.

### E. Interrogatory Numbers 12-13

Interrogatory Numbers 12 and 13 seek information related to prior litigation between Cambria and Breton S.p.A. Cambria argues that the prior case was a contract dispute; Pental contends that the litigation included allegations relating to the intellectual property rights of Breton, a seller of machines used by Cambria. The Magistrate Judge concluded that Pental was "on a fishing expedition" and the information requested was outside the scope of permissible discovery. (Order at 6, Docket No. 100.)

Pental alleges that the allegations relating Breton and Cambria's intellectual property rights will clarify who owns what intellectual property rights and are relevant to Cambria's claim to own the "processes, products, designs, and trade secrets at issue – whether related to its copyright or state law claims." (Def.'s Objections at 14.) But Pental provides nothing to support its assertion that the prior litigation was relevant to Cambria's claims or that relevant intellectual property rights were addressed by the parties. Finding no clear error or mistake of law, the Court will affirm.

## CONCLUSION

In no instance is the Court "left with the definite and firm conviction that a mistake has been committed," *Chakales v. Comm'r*, 79 F.3d 726, 728 (8th Cir. 1996), or that this order will cause "fundamental unfairness in the trial of the case," *McGowan*, 794 F.2d at 363. As a result, the Court finds that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law and, therefore, affirms the Order. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.1(b)(2).

## ORDER

Based on the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Pental Marble & Granite, Inc.'s Objections [Docket No. 101] are **OVERRULED** and the Magistrate Judge's March 5, 2013 Order [Docket No. 100] is **AFFIRMED**.

DATED: July 8, 2013　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge